# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MPM HOLDINGS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )C.A. No. N20C-07-014 MMJ CCLD |
| FEDERAL INSURANCE COMPANY, | ) |
| XL SPECIALTY INSURANCE | ) |
| COMPANY, ENDURANCE | ) |
| AMERICAN INSURANCE COMPANY, | ) |
| AXIS INSURANCE COMPANY, | ) |
| BERKLEY INSURANCE COMPANY, | ) |
| and ACE AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Submitted: December 14, 2021
Decided: March 15, 2022

On Cross-Motions for Summary Judgment
**GRANTED IN PART and DENIED IN PART**

## OPINION

David J. Baldwin, Esq., Peter C. McGivney, Esq., Berger Harris LLP, Wilmington, DE, Bernard P. Bell, Esq. (Argued), Tab R. Turano, Esq., Miller Friel PLLC, Washington, D.C., *Attorneys for Plaintiff*

Gregory F. Fischer, Esq., Cozen O'Connor, Wilmington, DE, Angelo G. Savino, Esq. (Argued), Rafael Rivera, Jr., Esq., Cozen O'Connor, New York, NY, *Attorneys for Defendants*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

### *Underlying Litigation*

MPM Holdings Inc. ("MPM") seeks insurance coverage for defense costs and indemnification. MPM further alleges that Federal Insurance Company ("Federal"), its primary D&O insurer, has breached its duty of good faith and fair dealing.

MPM brought the underlying litigation, contending that MPM and certain officers and directors acted improperly in connection with a merger that closed on May 15, 2019. Defendants in the merger action are alleged to have breached their fiduciary duties by negotiating the merger to further their own interests and those of private equity investors in a manner that failed to maximize the value of MPM shares. MPM shareholders filed a pre-closing Section 220 books and records action; three consolidated post-merger appraisal actions; and a putative stockholders' class action ("SCA"), all in the Delaware Court of Chancery. Following consolidation of the appraisal and SCA, the appraisal complaints were amended to add breach of fiduciary duty claims. The resulting consolidated action remains pending and is captioned *In re Appraisal of MPM Holdings Inc. Appraisal and Stockholder Ligitation* ("Consolidated Action").[1]

---

[1]No. 2019-0519-JTL (Del. Ch.).

2

### *Federal Insurance Policy*

The Federal Primary Directors & Officers and Entity Securities Liability Insurance Policy provides $10 million in coverage for "Claims" first made during the policy period of July 1, 2018 to July 1, 2019, subject to a $1 million retention ("Policy"). The Policy Endorsement/Rider No. 38 expanded coverage for "Securities Claims" to include any "Merger Objection Claim" defined as:

> a Claim based upon, arising from, or in consequence of any proposed or actual acquisition of an Organization, or of all or substantially all of the Organization's assets by another entity, or the merger or consolidation of the Organization into or with another entity such that the Organization is not the surviving entity, or the obtaining by any person, entity or affiliated group of persons or entities of the right to elect, appoint or designate more than 50% of the directors, management committee members, or members of the management board of the Organization, or similar transaction.

The Policy defines "Claim" to include any demand for monetary or non-monetary relief, or any proceeding against the Insured for a "Wrongful Act." "Wrongful Act" includes "any act, error, misstatement, misleading statement, act omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by...the Organization." "Loss" includes amounts the Insured "becomes legally obligated to pay as a result of any claim," as well as "Defense Costs." The Policy obligates Federal to advance Defense Costs.

"Related Claims" are "deemed a single Claim made in the Policy Period in which the earliest of such Related Claims was either first made or deemed to have

3

been made...." The Policy's run-off endorsement covers "that portion of any such Claim based upon, arising from or in consequence of the same or related facts, circumstances or Wrongful Acts first occurring prior to the Run-Off Date." The "Run-Off Date" is the effective date of the "Acquisition." The "Run-Off Period" is 6 years "commencing as of the Run-Off Date." "Organization" includes "Successor Company" to MPM.

MPM provided Federal with notice of the various cases involved in the underlying litigation. Federal acknowledged coverage for the Section 220 case and the proposed class action (pursuant to a reservation of rights). Federal denied coverage for the appraisal actions on the grounds that seeking "to assert a shareholder's statutory right to appraisal [does] not allege a Wrongful Act...."

Federal subsequently denied coverage for the filed SCA, stating that "none of the individual defendants...are Insured persons under the Policy...."

MPM filed this Superior Court case on July 2, 2020. MPM requests declaratory judgment and relief for breach of contract and bad faith. On August 6, 2020, Federal changed its position and agreed to advance defense costs for the SCA. Federal filed a Counterclaim seeking declaratory relief that MPM is not entitled to defense or indemnity coverage under the Policy for the appraisal actions.

## SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[2]  All facts are viewed in a light most favorable to the non-moving party.[3]  Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[4]  When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[5]  If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[6]

Superior Court Rule 56(h) provides:

Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions.[7]

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[4] Super. Ct. Civ. R. 56(c).
[5] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[7] Super. Ct. Civ. R. 56.

The Court will evaluate any contested facts pursuant to Rule 56(c). All facts are viewed in a light most favorable to the non-moving party.[8] The Court will evaluate the facts relating to each precise issue. The Court will take all reasonable inferences into consideration.

## ANALYSIS

MPM seeks an order declaring that Federal is obligated to reimburse or advance MPM's attorneys' fees and costs incurred in defense of the Appraisal Action. MPM argues that the Appraisal Action: is a Merger Objection Claim arising from alleged Wrongful Acts; and triggers coverage under the Run-Off Endorsement. MPM requests an amount to be determined by the Court through further proceedings, as appropriate, and subject only to any applicable retention or limit in the Policy.

MPM further requests that the Court deny Federal's Cross-Motion for Summary Judgment, and grant declaratory judgement. MPM contends that:

(1)     MPM has not made a claim under Insuring Clause (C);
(2)     If MPM's motion is granted, Federal's cross-motion is moot; or
(3)     If MPM's motion is denied, MPM's claims in regard to the underlying Class Action remain justiciable and questions of fact preclude summary judgment; and
(4)     Questions of fact preclude summary judgment on MPM's claim for bad faith claims handling.

---

[8] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del.).

6

Federal seeks an Oder denying MPM's Motion for Partial Summary Judgment, and granting its own Cross-Motion for Summary Judgment. Federal asserts that:

(1)     Federal has no obligation to pay defense or indemnity to MPM in connection to the Consolidated Appraisal Action;

(2)     Federal does not have an obligation to indemnify or advance defense costs to MPM under the Policy's Entity Coverage Section in connection with the underlying stockholder breach of fiduciary duty lawsuit;

(3)     MPM's coverage claims in the underlying stockholder breach of fiduciary duty lawsuit against Federal as to its former directors are nonjusticiable; and

(4)     Federal did not engage in bad faith regarding its handling of both the consolidated appraisal action and the stockholder breach of fiduciary duty lawsuit.

Federal argues that the Appraisal Action does not constitute a "Securities Claim" or a "Wrongful Act." Therefore, the Appraisal Action is not a Merger Objection Claim. Federal also asserts that the Run-Off endorsement bars coverage because the Appraisal Action does not address pre-closing wrongdoing.

Federal argues that MPM's claim for bad faith should be dismissed. Federal states that MPM is not a named defendant in the SCA. There is not yet any settlement agreement regarding the SCA. Federal currently is providing coverage for defense costs for MPM's former directors subject to a reservation of rights. Federal asserts that based on the foregoing, Federal's actions do not constitute bad faith.

7

*Coverage for Appraisal Action*

In November 2018, certain stockholders sent appraisal demands to MPM under Title 8, Section 262 of Delaware's General Corporation Law. On February 8, 2019, prior to the effective date of the Merger Agreement, a beneficial holder of MPM common stock filed a verified complaint against MPM for inspection of books and records under Title 8, Section 220, of the Delaware General Corporation Law.

The Merger became effective on May 15, 2019. In July 2019, MPM began filing actions in the underlying litigation, including the Appraisal Action.

Subsequently, Federal denied coverage for the Appraisal Action on the basis that because "appraisal actions merely seek to assert the shareholder's statutory right to appraisal and do not allege a Wrongful Act against the Insured, the appraisal actions do not trigger coverage under the Policy."

The dispositive question in this Superior Court case is whether the Appraisal Action is a claim for a Wrongful Act.

The Policy defines "Securities Claim" as a "Claim:"

(A) against an **Insured** for a violation of any United States securities law, but solely in connection with the securities of an **Organization**;

(B) against an **Insured** for a common law cause of action, pled in tandem with, or in lieu of, any securities law violation described in Subsection (A) above and brought by:
   (1) a securityholder of an **Organization** with respect to his interest in the securities of such **Organization**; or

8

  (2) any person or entity in connection with the purchase, sale or offer to purchase or sell securities of an **Organization**; or

(C) brought as a derivative action, on behalf of an **Organization** against an Insured **Person**, including an action brought by or on behalf of the **Organization** seeking to dismiss a derivative action that a committee of such **Organization's** Board of Directors has concluded is not in the best interest of the **Organization**.

The Policy also defines "Securities Claim" to include "Merger Objection Claim." A Merger Objection Claim is:

> a **Claim** based upon, arising from, or in consequence of any proposed or actual acquisition of an **Organization**, or of all or substantially all of the **Organization's** assets by another entity, or the merger or consolidation of the **Organization** into or with another entity such that the **Organization** is not the surviving entity, or the obtaining by any person, entity or affiliated group of persons or entities of the right to elect, appoint or designate more than 50% of the directors, management committee members, or members of the management board of the **Organization,** or similar transaction.

Under the Policy, "Wrongful Act" means:

(A) any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted or allegedly committee or attempted by: (1) an **Insured Person** in his capacity as such; or (2) for purposes of any coverage afforded under Insuring Clause (C), Entity Securities Coverage, by the **Organization**; or

(B) any other matter claimed against an **Insured Person** solely by reason of serving in his capacity as such.

"An appraisal proceeding is a limited legislative remedy intended to provide shareholders dissenting from a merger on grounds of inadequacy of the offering price with a judicial determination of the intrinsic worth (fair value) of their

shareholdings."[9]  "A determination of fair value does not involve an inquiry into claims of wrongdoing in the merger."[10]

In *In re Solera Ins. Coverage Appeals*,[11] the Delaware Supreme Court addressed whether an appraisal action constitutes a securities claim.  The Supreme Court reasoned that a securities claim is "for any actual or alleged *violation* of any federal, state, or local statute, regulation, or rule or common law regulating securities, including but not limited to the purchase or sale of, or offer to purchase or sell, securities. ..."[12]  The Supreme Court found that an appraisal action is not a securities claim because it does not involve a "violation" of law.[13]

> We agree that the Appraisal Action is not a Securities Claim because it does not involve a "violation." We believe, as explained below, that this conclusion is compelled by the plain meaning of the word "violation," which involves some element of wrongdoing, even if done with an innocent state of mind. It is also compelled by section 262's historical background, its text, and by a long, unbroken line of cases that hold that an appraisal under section 262 is a remedy that does not involve a determination of wrongdoing. Rather, it is a remedy limited to the determination of the fair value of the dissenters' shares as of the effective date of the merger or consolidation.[14]

The Delaware General Assembly created the appraisal remedy to allow for the sale of a corporation upon the consent of a majority of its stockholders, rather

---

[9] *Cede & Co. v. Technicolor, Inc*., 542 A.2d 1182, 1186 (Del. 1988).
[10] *Id*. at 1189.
[11] 240 A.3d 1121 (Del. 2020).
[12] *Id.* at 1130–31 (emphasis added).
[13] *Id*. at 1134.
[14] *Id*.

than necessitating unanimous approval.[15] Thus, "an appraisal is entirely a creature of statute."[16]

In *Jarden, LLC v. ACE American Insurance Company*,[17] this Court specifically addressed whether an appraisal action is *for* a wrongful act. The Court held that the conclusion—that an appraisal action is not *for* a wrongful act—is a logical extension of *Solera*. The Court reiterated that an appraisal action is a creature of statute. An appraisal action is "neutral in nature" and does not seek redress or relief in response to any corporate act.[18]

The Court finds that the reasoning articulated in *Jarden* controls. The Appraisal Action is not a claim for a Wrongful Act. The Appraisal Action does not seek redress or reprisal for any wrongful conduct by MPM.

MPM is seeking coverage for alleged wrongdoing by its directors in connection with MPM's merger negotiations. As in *Jarden*, MPM relies on a broad interpretation of the term Wrongful Act to encompass the underlying "complained-of process." "Although evidence of a flawed negotiation process generally is admissible in an appraisal proceeding, that evidence is relevant to what weight, if any, the Court accords the negotiated merger price."[19] It is not required that an

[15] *Id.*
[16] *Id.*
[17] 2021 WL 3280495 (Del. Super.), *aff'd sub nom. Jarden LL, v. Ace American Ins. Co., et al.*, 2022 WL 618962 (Del.).
[18] *Id.* at 5.
[19] *Id.* at 6.

appraisal petitioner plead or establish a flawed process in order to seek an appraisal.[20]

Therefore, the Court finds that Federal is not obligated to reimburse or advance MPM's attorneys' fees and costs incurred in defense of the Appraisal Action. MPM's Motion for Summary Judgement is granted on this issue. Federal's Cross-Motion for Summary Judgment is denied. The Court need not address coverage issues relating to the Policy's Run-Off Endorsement.

### Entity Liability Coverage

MPM has not made a claim for entity liability coverage under the insuring agreement. The Court finds that the Appraisal Action is not a covered claim. Therefore, the issue of Entity Liability Coverage is moot.

### Coverage for Frank Funds SCA Litigation

The Appraisal Action was filed on July 3, 2019 and consolidated on August 14, 2019. The Frank Funds SCA was filed on February 25, 2020—seventeen months after the Appraisal Action.

Federal currently is providing coverage for MPM's former directors regarding the Frank Funds SCA, subject to reservation of rights. Federal has advanced defense costs incurred by the Insured Persons backdated to the date on which the SCA was tendered. MPM is not a named defendant in the SCA action.

---

[20] *Id*.

The Court finds that questions of fact remain. Under the "Larger Settlement Rule," "responsibility for any portion of a settlement should be allocated away from the insured party only if the acts of the uninsured party are determined to have increased the settlement."[21] Determining whether the acts of the insured party have increased the settlement is a question of fact. Further, "all expenses reasonably necessary to conduct the defense are covered, whether or not they have an ancillary benefit to the insured."[22] Whether the fees are "reasonably necessary" to minimize litigation expenses and develop strategies for subsequent SCA litigation, presents genuine issues of material fact or a need for clarification.[23]

The Court finds that questions of fact prevent finding as a matter of law that MPM's coverage claims regarding former director are not justiciable at this time. MPM's Motion for Summary Judgment as to coverage for MPM's former directors is denied.

For purposes of clarity, the Court reiterates that MPM is not a named defendant in the Frank Funds SCA litigation. Therefore, Federal has no duty to advance, defend, or indemnify costs for MPM. This ruling only addresses coverage for MPM's former directors.

---

[21] *RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 909 (Del. 2021)(quoting *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1432 (9th Cir. 1995))(internal citations omitted).
[22] *Northrop Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 347015, at *12 (Del. Super.).
[23] *Id.*

## Bad Faith Claims

Bad-faith claims involve issues of fact.  MPM asserts that "[i]In order to establish 'bad-faith' the plaintiff must show that the insurer's refusal to honor its contractual obligation was clearly without any reasonable justification."[24]  Thus, "[t]he ultimate question is whether at the time the insurer denied liability, there existed a set of facts or circumstances known to the insurer which created a bona fide dispute and therefore a meritorious defense to the insurer's liability"[25]

MPM argues that Federal denied coverage for the Frank Funds SCA without reasonable justification, and failed to timely and adequately investigate the claim.  Although Federal subsequently retracted its denial—and then provided coverage, MPM asserts that it is entitled to further develop facts pertaining to the alleged "wrongful denial."

MPM further argues that it is entitled to develop facts surrounding the investigation and consideration of coverage for the Appraisal Action.  MPM states that discovery is necessary to determine whether Federal complied with its duty of good faith and fair dealing.

The Court finds that questions of fact prevent summary judgment.  Federal's cross-motion to dismiss MPM's bad faith claim is denied.

---

[24] *Casson v. Nationwide Ins. Co.,* 455 A.2d 361, 369 (Del. Super.).
[25] *Id.*

## CONCLUSION

The Court finds that the Appraisal Action in not a claim for a Wrongful Act. Federal is not obligated to reimburse or advance MPM's attorneys' fees and costs incurred in defense of the Appraisal Action. **THEREFORE,** MPM's Motion for Summary Judgment on this issue is hereby **GRANTED**. Federal's Cross Motion for Summary Judgment is hereby **DENIED**.

The Court finds that the entity liability coverage issue is moot. The Court has found that the Appraisal Action is not a covered claim.

The Court further finds that questions of fact prevent finding as a matter of law that MPM's coverage claims regarding former directors are not justiciable at this time. **THEREFORE**, MPM's Motion for Summary Judgment as to coverage for MPM's former directors is hereby **DENIED**.

The Court finds that questions of fact prevent a summary judgment on the issue of bad faith. **THEREFORE,** Federal's Cross-Motion to Dismiss MPM's bad faith claims is hereby **DENIED.**

**IT IS SO ORDERED.**

_/s/ Mary M. Johnston_
The Honorable Mary M. Johnston

15